IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ZRS7, LLC,<br>    Plaintiff,<br><br>vs.<br><br>TAILWIND AIR, LLC,<br>    Defendant | §<br>§<br>§<br>§   Civil Action No.   23-491<br>§<br>§<br>§<br>§ |

## COMPLAINT

TO THE HONORABLE COURT:

Plaintiff, ZRS7, LLC, by and through its undersigned counsel, hereby files this complaint against Defendant, Tailwind Air, LLC, for Breach of Contract and Conversion. In support of its causes of action, Plaintiff states the following:

### I. PARTIES JURISDICTION AND VENUE

1. Plaintiff, ZRS7, LLC (herein referred to as "Plaintiff"), is a limited liability company formed in Texas with its principal place of business in Texas.

2. Defendant, TAILWIND AIR, LLC ("herein referred to as "Tailwind" or "Defendant"), is a foreign limited liability company formed in Delaware with its principal place of business in New York. Defendant may be served through the New York Secretary of State at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

3. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1332, diversity jurisdiction.

### II. FACTUAL BACKGROUND

4. On October 22, 2021, Plaintiff entered into the Non-Exclusive Aircraft Lease Agreement (the "Lease"), concerning the lease of the Aircraft owned by Plaintiff, the Dassault Falcon 50 airframe bearing US registration number N250AP and manufacturer's serial number

125 (the "Aircraft") and the associated required documentation (the "and Aircraft Documents"), to Tailwind. A true and correct copy of the Lease is attached hereto as Exhibit A, and incorporated by reference.

5. Defendant is obligated by Paragraph 3.2 and Schedule A of the Lease to pay the Plaintiff rent of $1,750.00 per flight hour. From October 22, 2021, through December 31, 2022, Defendant flew the Aircraft for 112.6 hours, accruing rent in the amount of $197,050.00. Paragraph 1.1 "Rent Payable Date" of the Lease Agreement requires payment of rent on the 15th day of each calendar month. Defendant has never paid any of this rent to Plaintiff.

6. On December 9, 2022, Plaintiff sent 30-day written notice to Tailwind that it was terminating the Lease pursuant to paragraph 3.1 of the Lease, which states, in part, "after the first ninety (90) days, either party may terminate this Agreement at any time during the term of this Agreement upon thirty (30) days' written notice to the other party without cause, provided that any accrued obligations as of the date of any termination shall not be extinguished thereby." The Lease was therefore terminated effective January 8, 2023.

7. Pursuant to paragraph 6.1 of the Lease, on the date of termination of the Lease, the Lessee, Tailwind, is responsible for delivering the Aircraft and Aircraft Documents to the Operating Base chosen by the Lessor, Plaintiff, provided that chosen operating base is within the contiguous 48 United States. Plaintiff designated Houston Hobby Airport. Defendant failed to deliver the Aircraft and Aircraft Documents as instructed.

8. Once the Defendant received notice of the Plaintiff's demand for the return of the Aircraft and Aircraft Documents under the Lease, the manager of the Defendant, Alan Ram, indicated that the Defendant intended to remove the Fuel Control Unit and cancel the insurance on

the Aircraft, rendering the Aircraft unflightworthy, and therefore unable to be delivered to Plaintiff as required by the lease. *See* Exhibit A.

9. Pursuant to section 12.10 of the Lease, Texas law controls this dispute.

### III. CAUSES OF ACTION

#### A. BREACH OF CONTRACT

10. Plaintiff performed its duties under the Lease, primarily giving possession of the Aircraft and Aircraft Documents to Defendant. Defendant, however, failed to fulfill its contractual obligations. Plaintiff agreed to give possession of the Aircraft and Aircraft Documents to Defendant in a non-exclusionary Lease. Defendant agreed to return the Aircraft and Aircraft Documents to the operating base in the contiguous 48 United States as chosen by Plaintiff. Defendant also agreed to pay rent to the Plaintiff in the amount of $1,750 per flight hour. From October 22, 2021 through December 31, 2022, Defendant flew the Aircraft for 112.6 hours, resulting in $197,050.00 in rent due and owed to Plaintiff. Defendant has refused to make any rental payments to Plaintiff. Defendant's breach of the contract proximately caused damages to Plaintiff, including, but not limited to, amounts resulting from loss of use and possession of the Aircraft and Aircraft Documents.

11. Defendant materially breached its obligations causing Plaintiff's injury. Plaintiff is entitled to recover its damages against Defendant for breach of contract. Plaintiff further asks the Court to order Defendant to comply with its obligation under the Lease and return the Aircraft and Aircraft Documents.

#### B. CONVERSION

12. Plaintiff owns the Aircraft and Aircraft Documents and has a right to immediate possession of the property. While Plaintiff had previously leased the Aircraft to the defendant, the lease was terminated effective January 8, 2023, and the defendant is obligated to return the Aircraft

and Aircraft Documents to the Plaintiff. Defendant failed to return both the Aircraft and Aircraft Documents as required by the Lease.

13. The Aircraft and Aircraft Documents are personal property as they are not real estate. *See San Antonio Area Found v. Lang*, 35 S.W.3D 636, 640 (Tex. 2000).

14. The defendant has exercised control over the Aircraft and Aircraft Documents by refusing the return them to Plaintiff as required under the Lease, and by rendering the Aircraft not airworthy.

15. The plaintiff has been unable the utilize the Aircraft for either personal use or monetary gain since the end of the lease because the defendant refuses to return the Aircraft and the Aircraft Documents.

## IV. APPLICATION FOR WRIT OF SEQUESTRATION

16. Plaintiff fears that Defendant has or may ill-treat or destroy the Aircraft from during the pendency of this lawsuit. Defendant has stored the Aircraft in a hangar at the Westchester County Airport in Westchester County, New York, refusing to return or surrender the Aircraft and Aircraft Documents to the Plaintiff. The Plaintiff also has reason to believe that the Defendant is in the process of attempting to render the Aircraft unflightworthy. This withholding interferes with Plaintiff's interest as titleholder on the Aircraft. Sequestration is proper for the following reasons:

   (a) Plaintiff owns the Aircraft and Aircraft Documents outright;

   (b) The Defendant has no legal right to possess the Aircraft or Aircraft Documents because the lease granting the Defendant the right to possess the Aircraft and Aircraft Documents has been terminated;

   (c) Defendant refuses to surrender possession of the Aircraft and Aircraft Documents; and

   (d) Defendant has no legal ownership interest in either the Aircraft or Aircraft Documents.

(e)   The Aircraft made the subject of this application is described as a Dassault Falcon 50 airframe bearing US registration number N250AP and manufacturer's serial number 125. The reasonable value is at least $1,900,000. *See* Exhibit B.

17.   Plaintiff respectfully requests that the bond amount be minimal in consideration of the Plaintiff's complete and outright ownership of the Aircraft and Aircraft Documents.

## V.  ATTORNEYS' FEES

18.   Plaintiff seeks recovery of its reasonable and necessary attorneys' fees incurred in bringing this claim as provided by statute and the contract**.**

## VI. JURY DEMAND

19.   Plaintiff demands a trial by jury of all the issues and facts in this case.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that: Defendant Tailwind Air, LLC be cited to appear and answer herein, and upon the trial of this case, Plaintiff recover judgment against the Defendant for all actual and special damages, reasonable and necessary attorneys' fees, legally recoverable pre-judgment and post-judgment interest, all costs of the court, that a Writ of Sequestration issue, and the aircraft be immediately returned to Plaintiff, and any other further relief to which Plaintiff may show itself justly entitled.

Respectfully Submitted,

**JOHNSON DELUCA KURISKY & GOULD**
**A PROFESSIONAL CORPORATION**

By: */s/ Daniel J. Kasprzak*
    Daniel J. Kasprzak
    Federal Bar No. 8142
    dkasprzak@jdkglaw.com
    Thomas R. Sulton
    Federal Bar No. 8211
    tsulton@jdkglaw.com
    4 Houston Center
    1221 Lamar, Suite 1000
    Houston, Texas 77010
    (713) 652-2525 - Telephone
    (713) 652-5130 - Telecopier

**ATTORNEY FOR PLAINTIFF,**
**ZRS7, LLC**