United States District Court
Southern District of Texas
**ENTERED**
March 22, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ZRS7, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-23-491 |
| | § | |
| Tailwind Air, LLC, | § | |
|     Defendant. | § | |

### REPORT AND RECOMMENDATION

Pending before the court is Plaintiff ZRS7, LLC's Ex Parte Application for Writ of Sequestration. ECF No. 2. The court recommends that the application be **DENIED**.

### *1. Background*

The dispute in this case arises from the lease of ZRS7's aircraft to Tailwind. ECF No. 12 at 1–2. ZRS7 alleges that Defendant is obligated under the lease to pay $1,750 per flight hour in rent and now owes $197,050 in accumulated rent. *Id.* at 2. ZRS7 claims to have terminated the lease on December 9, 2022. *Id.* ZRS7 alleges that Tailwind is now obligated to deliver possession of the aircraft to an airport of its choice—Hobby in Houston—but has not done so. *Id.* ZRS7 claims that Tailwind's manager threatened to harm the aircraft upon learning of the demand that it be returned. *Id.* ZRS7 alleges causes of action for breach of contract and conversion and seeks a declaratory judgment. *Id.* at 3–5.

Simultaneously with its Complaint, ZRS7 filed an Ex Parte Application for Writ of Sequestration. ECF No. 2. In the Application, ZRS7 states that the aircraft is now in Westchester County, New York. ECF No. 2 at 2. ZRS7 seeks to have the court order the United States Marshal to take the aircraft and related documents into its possession. ECF No. 2-3 at 2.

## *2. Analysis*

Under Federal Rule of Civil Procedure 64(a), "every remedy is available that, under the law of the state where the court is located, provides for seizing . . . property to secure satisfaction of the potential judgment." Such remedies include sequestration. Fed. R. Civ. P. 64(b). Although not cited in the papers before the court, it appears that ZRS7 is seeking a writ of sequestration under Texas Civil Practice and Remedies Code 62.001.

Tailwind cites *GM Gold & Diamonds, LP v. Fabrege Co.*, 489 F. Supp. 2d 725 (S.D. Tex. 2007), and argues that this court lacks authority to issue the requested writ of sequestration because the property subject to the application is outside the state of Texas. ECF No. 7 at 7–9. The court in *GM Gold & Diamonds* considered an application for a writ of attachment under Texas Civil Practice and Remedies Code § 61.001. The court held that "[a]ttachment orders are essentially actions *in rem*, as they result in actual or constructive control over the res itself, rather than simply adjudicating personal rights to the subject property." *GM Gold & Diamonds*, 489 F. Supp. 2d at 727. The court concluded, therefore, that an attachment order could reach only as far as the reach of the court's *in rem* jurisdiction, which, traditionally does not extend

2

beyond the state's borders. *Id.* (collecting cases). Because the property that the plaintiff sought to attach was outside of Texas, the court in *GM Gold & Diamonds* concluded that it lacked authority to issue the writ. *Id.* at 729. The court in *Carmack v. Park Cities Healthcare, LLC*, No. 3:16-CV-3500-D, 2021 WL 4133494, *7 (N.D. Tex. Sept. 10, 2021), followed the reasoning of *GM Gold & Diamonds* and concluded that it did not have authority to issue a writ of execution under Texas law for property located outside the state of Texas. *Id.*

The court concludes that the reasoning of *GM Gold & Diamonds* and *Carmack* applies with equal force here. Plaintiff seeks to have the court order a U.S. Marshal to take control of property located in New York. ZRS7 does not cite any authority, and the court is not aware of any, for the proposition that the court has the power to do this. The court notes that ZRS7 did not respond to Tailwind's arguments on this specific issue.

### *3. Conclusion*

Because the court lacks authority to issue the writ of sequestration that Plaintiff seeks, the court recommends that the application be denied.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on March 22, 2023.

_____
Peter Bray
United States Magistrate Judge